UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN A. ALVES,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. 2:15-cv-1624 DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Brian A. Alves filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide a specific and legitimate reason supported by substantial evidence for giving little weight to the opinion of Dr. Czysz and no weight to the opinion of Dr.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

Lewis. Had the ALJ properly considered the medical evidence, the residual functional capacity may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On December 20, 2011, Plaintiff filed SSI and DIB applications, alleging disability as of September 15, 2011. *See* Dkt. 10, Administrative Record ("AR") 31, 577. The applications were denied upon initial administrative review and upon reconsideration. AR 31, 577. On January 4, 2013, ALJ Virginia M. Robinson found Plaintiff not disabled. AR 31-42. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's decision the final decision of the Commissioner. AR 577. Plaintiff appealed to the United States District Court for the Western District of Washington, which remanded the case for further proceedings. *See* AR 639-61; *Alves v. Colvin*, 2:14-cv-00478-MJP-JPD (W.D. Wash.).

On remand, Plaintiff received a second hearing before the same ALJ, who again found Plaintiff not disabled on July 31, 2015. AR 577-98. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Counsel, making the ALJ's second decision the final decision of the Commissioner. *See* AR 574-76; 20 C.F.R. § 404.981, § 416.1481. Plaintiff now appeals the ALJ's second decision finding Plaintiff not disabled.[1]

Plaintiff alleges the ALJ erred by: (1) improperly discounting three medical opinions, including the opinions of two examining psychologists and a non-examining psychologist;

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to the ALJ's July 2015 decision.

(2) improperly analyzing Plaintiff's drug addiction and alcoholism ("DAA") impairment; and (3) as a result of the foregoing errors, failing to properly assess Plaintiff's residual functional capacity ("RFC") and finding Plaintiff capable of working at Step Five of the sequential evaluation process. Dkt. 12, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ Properly Rejected the Medical Opinion Evidence.**

Plaintiff argues the ALJ erred by failing to properly weigh the medical opinions of Drs. James Czysz, Janis Lewis, and Diana Cook. Dkt. 12, pp. 9-17.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*

1  *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751
2  (9th Cir. 1989)).

### A.  Dr. James Czysz

Plaintiff contends the ALJ erred in according little weight to examining psychologist James Czysz, Psy.D.'s May 15, 2012 opinion.[2] Dkt. 12, pp. 13-16. Specifically, Plaintiff avers the ALJ's reasons for rejecting Dr. Czysz's opinion were insufficient because (1) the ALJ improperly found Dr. Czysz's opinion was based on self-reports; (2) the ALJ unreasonably relied upon the opinions of Drs. Agnani and Cook to contradict Dr. Czysz's opinion; and (3) the ALJ found Plaintiff lied to Dr. Czysz about his substance abuse and was in DAA status, and thus improperly rejected Dr. Czysz's opinion on that basis. Dkt. 12, pp. 14-15.

Dr. Czysz examined Plaintiff on May 15, 2012. AR 461-67; 581. On mental status examination, Dr. Czysz found Plaintiff was disheveled, easily annoyed, and short tempered, but also cooperative. AR 463. Dr. Czysz also observed Plaintiff as angry with a labile mood. AR 463. On memory recall, Plaintiff scored a 0/3, and on fund of knowledge, Plaintiff scored a 1/2 and 2/2. AR 463. Dr. Czysz's examination notes also contain Plaintiff's self-reports, including Plaintiff reporting "voices in my head telling me to do things," "command hallucinations," and abstinence from substance abuse for two years. AR 461-62. Dr. Czysz assessed Plaintiff's judgment as "remarkably poor" and noted his "symptom picture is complicated." AR 464. Finally, Dr. Czysz noted:

> [T]here are a number of different indications that suggest [Plaintiff] portrayed himself in an especially negative or pathological manner. This suggests the possibility that the test results reflect a "cry for help", or an extreme or exaggerated negative evaluation of oneself and one's life. Regardless of the cause,

---

[2] Dr. Czysz also provided an opinion on May 6, 2014, but Plaintiff does not challenge the ALJ's decision regarding the 2014 opinion. *See* AR 956-61.

1
2
3
4
5
6
7

> THE TEST RESULTS ARE LIKELY TO CONTAIN CONSIDERABLE DISTORTION AND ARE UNLIKELY TO BE AN ACCURATE REFLECTION OF [PLAINTIFF'S] OBJECTIVE CLINICAL STATUS and a full interpretation is now provided. Despite the general level of negative distortion noted above, there are some areas where the client described problems of greater intensity than are typically obtained, even among respondents with similarly negative response styles. These areas include [1] impaired empathy; [2] history of antisocial behavior; [3] feelings of helplessness; [4] poor control over anger; [5] suspiciousness; [6] unsupportive family or friends; [7] poor sense of identity; [8] stress in the environment; [9] disruptions in thought process; [10] low frustration tolerance; [11] hostility and bitterness; [12] alcohol abuse or dependence; [13] physical signs of depression; [14] drug abuse or dependence; and [15] tension and apprehension.

8  AR 464 (emphasis in original; numbering added).

9  The ALJ accorded little weight to Dr. Czysz's opinion, finding in part:

10
11
12

> [1] First, Dr. Czysz checked the box, indicating that he "observed" the claimant have command hallucinations. However, on his mental status notes, Dr. Czysz merely recited the claimant's self-report that "he has voices criticizing him." Dr. Czysz, though, noted no evidence of a formal thought disorder.

13
14
15

> [2] Second, the claimant told Dr. Czysz that he was clean and sober and that he had not used any substances in two years. Hi assertion, however, is contrary to his subsequent disclosure in July 2012, which indicates that he was using substances at the time of Dr. Czysz's evaluation, and contrary to his testimony at the December 2012 hearing, when he reported that his longest period of sobriety was about a year and a half ….

16
17
18

> [3] Third, Dr. Czsyz's [sic] opinion is inconsistent with the treatment notes from Dr. Agnani, which show that, when clean and sober, the claimant was able to work, without any documented problems learning/performing the job, missing work, or interacting appropriately with coworkers, supervisors, and the public ….

19
20
21

> [4] Fourth, Dr. Czsyz's [sic] opinion is also inconsistent with the claimant's evaluation with Dr. Cook in March 2012 (i.e., just two months earlier)…. His unremarkable presentation during Dr. Cook's evaluation varied considerably from his presentation during Dr. Czsyz's [sic] evaluation, a further indication that the claimant's assertion to Dr. Czysz that he was abstinent was not fully credible.

22

> [5] Finally, Dr. Czysz's opinion appears to rely heavily on the claimant's self-report ….

23
24

AR 592-93. The Court concludes the ALJ's reasons for discounting Dr. Czysz's opinion are not based on specific and legitimate reasons, supported by substantial evidence.

      First, the ALJ accorded little weight to Dr. Czysz's opinion because it was based largely on self-reports. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). However, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

      Here, Dr. Czysz performed an extensive and thorough mental status examination, charting a number of results. *See* AR 461-67. He noted Plaintiff was disheveled, had marginal hygiene, and was rocking back and forth in the session in an anxious manner. AR 463. Dr. Czysz also noted Plaintiff was angry, in a labile mood, easily annoyed, and short tempered. AR 463. Although Dr. Czysz noted Plaintiff's symptom picture "is complicated" and likely contains "considerable distortion" based on Plaintiff's self-reports, Dr. Czysz also noted despite the distortions, Plaintiff presents with some "intensity" typically observed in patients with similarly negative response styles. Based on these clinical observations, Dr. Czysz found Plaintiff's symptoms would "clearly impact his emotional resilience and interpersonal tolerance at work" and that his prognosis is poor. AR 462. The record demonstrates Dr. Czysz did not base his medical assessment largely on self-reported symptoms. Rather, Dr. Czysz provided a medical source statement based on the doctor's observations, the objective results of the mental status

examination, and plaintiff's self-reported symptoms. Thus, the ALJ's decision finding Dr. Czysz's assessment relied heavily on Plaintiff's subjective complaints is not a specific and legitimate reason to discount Dr. Czysz's opinion, supported by substantial evidence in the record as a whole.

Second, the ALJ gave less weight to Dr. Czysz's opinion because he checked a box "indicating that he 'observed' the claimant have command hallucinations" but in the mental status notes "merely recited the claimant's self-report that 'he has voices criticizing him.'" AR 592-93, 461-63. The ALJ also observed Dr. Czysz "noted no evidence of a formal thought disorder." AR 593. As an initial matter, the Court notes Dr. Czysz actually observed Plaintiff's stream of mental activity as "*accelerated* but no evidence of a formal thought disorder." AR 463 (emphasis added). The ALJ's treatment of this portion of Dr. Czysz's opinion suggests improper "cherry-picking" to support the ALJ's decision, while failing to address aspects of the record supporting a finding of disabling limitations. *See Ghanim*, 763 F.3d at 1164 ("[T]he ALJ improperly cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment.") (citations omitted). Regardless, there is nothing in the evidence of record to indicate Dr. Czysz did not observe hallucinations, and the ALJ's reason for discounting Dr. Czysz's opinion on this basis is not specific and legitimate, supported by substantial evidence.

Third, the ALJ accorded little weight to Dr. Czysz's opinion because it was contradicted by Dr. Agnani's treatment records. AR 593. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (citing *Fair*, 885 F.2d at 600). Here, as noted by Plaintiff, all of Dr. Agnani's

records—except one psychiatric progress note where Dr. Agnani treated Plaintiff and one note to the medical file documenting Dr. Agnani's interaction with Plaintiff—predate the alleged onset of disability. *See* AR 402, 417. Indeed, in evaluating Dr. Czysz's opinion, it appears the ALJ relied exclusively on the portion of Dr. Agnani's treatment records predating the alleged onset of disability. The ALJ noted Dr. Agnani's records demonstrate Plaintiff has "a broad affect, with no signs of suicidal ideation, hallucinations, delusions, or psychosis." AR 593. However, in the one progress note during the relevant period of disability, Dr. Agnani noted Plaintiff had paranoid hallucinations, anger, and suicidal ideation. AR 403. Accordingly, the ALJ's reliance on Dr. Agnani's treatment notes predating the alleged onset of disability is not a specific and legitimate reason to discount Dr. Czysz's opinion, supported by substantial evidence.

Fourth, the ALJ discounted Dr. Czysz's opinion as "inconsistent with the claimant's evaluation with Dr. Cook in March 2012," when Plaintiff was "able to engage in a consistent manner, … exhibited good eye contact, … was polite and cooperative, and … was able to accept instructions from Dr. Cook (i.e., an example of an authority figure) on mental status tasks." AR 593. While there are differences in the doctors' observations, the ALJ fails to explain why Dr. Cook's observations are more credible than Dr. Czysz's observations. *See* AR 593. Without an explanation as to why Dr. Czysz's observations are not credible, the Court cannot determine if the ALJ's reasoning is specific and legitimate and supported by substantial evidence. *See* *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without explanation another medical opinion is more persuasive).

Fifth, the ALJ discounted Dr. Czysz's opinion because Plaintiff told Dr. Czysz "that he was clean and sober and that he had not used any substances in two years." AR 593. As an

initial matter, the Court notes Plaintiff told Dr. Czysz he smokes "cannabis intermittently." AR 462. Thus, substantial evidence does not support a finding Plaintiff lied entirely about his drug and alcohol use. Regardless, the Court agrees to the extent the ALJ relied upon any of Plaintiff's self-reports to Dr. Czysz to discount his opinion—including self-reports the ALJ determined were misrepresentations—the ALJ erred. As noted above, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim*, 763 F.3d at 1162 (emphasis added). Dr. Czysz's opinion was not more heavily based on Plaintiff's self-reports than on Dr. Czysz's clinical observations. Dr. Czysz provided a medical source statement that was based on his observations, the objective results of the mental status examination, and Plaintiff's self-reported symptoms. *See* AR 461-67. Thus, in light of the additional clinical observations by Dr. Czysz, the ALJ's decision to discount Dr. Czysz's opinion because Plaintiff lied about his sobriety is not supported by substantial evidence in the record as a whole. The Court concludes the reasons provided by the ALJ for giving little weight to Dr. Czysz's opinion are not specific and legitimate and supported by substantial evidence. Therefore, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered the opinions of Dr. Czysz, she may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert, Joseph Moisan. AR 83-92.[3] For example, Dr. Czysz opined Plaintiff's symptoms "would have a substantially negative impact on [his] ability to maintain sustained concentration and pace in the workplace …. [and] would clearly impact his emotional resilience and interpersonal tolerance at work." AR 462. He also found Plaintiff is unlikely to do well in "any competitive employment setting." AR 462. If Dr. Czysz's opinions were given great weight, the ALJ may have found Plaintiff unable to work at all or unable to work where he had to interact with the public or coworkers. Instead, the ALJ found Plaintiff was able to perform light work and could have "occasional and superficial interaction with the public." AR 585. Had the ALJ properly considered Dr. Czysz's opinion, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations. *See* AR 585, 83-92. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal. *Molina*, 674 F.3d at 1115.

### B.  Dr. Janis Lewis

Plaintiff also contends the ALJ improperly rejected the medical opinion of nonexamining psychologist Janis Lewis, Ph.D. Dkt. 12, pp. 16-17. The ALJ accorded no weight to Dr. Lewis's opinion, finding:

> I accord no weight to Dr. Lewis's opinion. Dr. Lewis did not examine the claimant. Rather, her opinion is based solely on her review of Dr. Stimson's and Dr. Czysz's opinion, opinions that I reject for the reasons listed above.

AR 593 (without citation to the record). An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d

---

[3] Mr. Moisan testified at the 2012 hearing, not the 2015 hearing. *See* AR 84. Nevertheless, the ALJ relied upon Mr. Moisan's 2012 opinion to form her opinion.

1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) ("In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record.") (emphasis in original) (citing *Lester*, 81 F.3d at 831). All of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss,* 427 F.3d at 1214 n.1 (citing *Tidwell,* 161 F.3d at 601). Here, the ALJ rejected Dr. Lewis's opinion entirely, without citation to the record. The ALJ's conclusory statement rejecting Dr. Lewis's opinion is not specific, legitimate, or supported by substantial evidence. *See Lester*, 81 F.3d at 831. Accordingly, the ALJ also erred in rejecting Dr. Lewis's opinion.

### C.  Dr. Diana Cook

Plaintiff contends the ALJ erred when she gave only partial weight to psychologist Diana Cook, Ph.D.'s opinion. Dkt. 12, pp. 9-13. Specifically, Plaintiff asserts the ALJ erred by (1) finding Dr. Cook's opinion was contradicted by Dr. Agnani's treatment records; (2) finding the latter portion of Dr. Cook's opinion was heavily based on Plaintiff's self-reports; and (3) finding Dr. Cook's opinion inconsistent with Plaintiff's unremarkable presentation during his visit with Dr. Cook. *Id.*

Dr. Cook examined Plaintiff on March 2, 2012. AR 418. As part of her examination, Dr. Cook reviewed some psychological progress notes, dated between January 2011 and September 2011. AR 418. Dr Cook noted "[t]he claimant states that he is applying for disability because he cannot get along with anybody since he had brain surgery in 2000, that he has had [Attention Deficit Hyperactivity Disorder] all of his life but since the brain surgery he has been very irritable and angry." AR 418. Dr. Cook further noted Plaintiff reported suffering from depression

and "that he has panic attacks and that is why he lost his last job because he panicked at work when he was going to be late and they let him go." AR 418. Plaintiff reported he no longer drank alcohol and did not do drugs, but he smoked marijuana and was "working on getting a prescription for that." AR 420.

On mental status examination, Dr. Cook found Plaintiff was polite, cooperative, and made good eye contact. AR 420. With respect to his intellectual functioning, Dr. Cook assessed the following:

> [1] The claimant is oriented x4.
> [2] He completes digit span forward to six and back to five. He is able to register and recall just one 1/3 items at three minutes and five minutes; however, he does reiterate embedded information.
> [3] The claimant names "Obama, Clinton" and can name no other U.S. Presidents. He does name the Governor of Washington State and large U.S. cities. He correctly recites the bordering states of Washington State.
> [4] He is able to complete Serial 7s.
> [5] He is able to spell *world* forwards and backwards.
> [6] He notes that *Rome wasn't built in a day means*, "It takes longer than a day to build something."
> [7] The claimant states cars and bicycles "have wheels" and "bikes have no doors, but no motor."

AR 420-21 (italics in original; headings omitted; numbering added). Based on her examination, Dr. Cook made the following functional assessment:

> [1] The clamant is capable of handling finances.
> [2] He is able to perform simple and repetitive tasks and most all of the complex tasks given in the intellectual portion of the examination.
> [3] It is difficult to say whether claimant is able to accept instruction from [a] supervisor, get along with others, perform work on a consistent basis and maintain regular attendance as he seems to be in quite a state of flux and anxiety right now.
> [4] He may need interim help in order to get back on his feet. He does not seem able to handle more stress than he has at this time. On the way out of my office, he notes that he took a double dose of Paxil so that he could get through this interview process with me.

AR 422 (numbering added).

The ALJ accorded partial weight to Dr. Cook's opinion. AR 591. In support of this finding, the ALJ gave the following three reasons:

> I however, give little weight to Dr. Cook's opinion that the claimant would have difficulty getting along with others, accepting instructions from a supervisor, and performing work on a consistent basis. [1] This portion of the opinion is inconsistent with the claimant's unremarkable presentation during Dr. Cook's interview. For instance, Dr. Cook reported the claimant was able to engage in a consistent manner, that he exhibited good eye contact, he was polite and cooperative, and that he was able to accept instructions from Dr. Cook (i.e., an example of an authority figure) on mental status tasks. His speech and thought content were unremarkable, and he showed broad range of appropriate affect. Dr. Cook's opinion about the claimant's ability to interact with others and to sustain work is therefore disproportionate to the objective clinical signs.
>
> [2] Rather, the latter portion of Dr. Cook's opinion appears to rely heavily on the claimant's subjective description of his anger problems, unstable mood, and anxiety. As documented above, however, his self-report is not fully reliable. He has magnified his physical restrictions and the residual effects of his remote brain surgery. He has exaggerated his psychotic symptoms, anxiety symptoms, and work history. His response on a PAI produced an invalid profile, suggesting that he had an "extreme or exaggerated negative evaluation of oneself and one's life." He has also provided inconsistent statements about his substance use and psychiatric history.
>
> [3] Furthermore, Dr. Cook's opinion is inconsistent with the treatment notes from Dr. Agnani, which regularly indicate that the claimant presented to appointments with broad affect, no suicidal ideation, and no signs of psychosis. During his treatment with Dr. Agnani, the claimant was able to work at Noah's Bagels for over a year, with no reports of any problems learning/performing the job, missing work, or dealing with coworkers, supervisors, or the public. Although the claimant told Dr. Cook that this job ended due to a panic episode, Dr. Agnani's treatment notes document no prior issues with anxiety attacks, an indication that it was an acute episode rather than a persistent problem.

AR 591-92 (numbering added). The ALJ's decision to accord partial weight to Dr. Cook's opinion was specific and legitimate, supported by substantial evidence.

First, the ALJ discounted Dr. Cook's opinion as "inconsistent with treatment notes from Dr. Agnani, which regularly indicate that the claimant presented to appointments with broad affect, no suicidal ideation, and no signs of psychosis." AR 592. However, as noted above,

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 13

1 medical evidence prior to the alleged onset of disability is of limited probative value. *Carmickle*,
2 533 F.3d at 1165. Moreover, the only treatment note from Dr. Agnani during the alleged
3 disability period indicates Plaintiff had suicidal ideation and paranoid hallucinations. AR 403.
4 Accordingly, the ALJ's decision to discount Dr. Cook's opinion as contradicted by Dr. Agnani's
5 treatment notes is not a specific and legitimate reason, supported by substantial evidence.

6       Second, the ALJ discounted Dr. Cook's opinion as based on Plaintiff's subjective reports.
7 AR 592. As noted above, "when an opinion is not more heavily based on a patient's self reports
8 than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim*,
9 763 F.3d at 1162. Here, the evidence of record demonstrates Dr. Cook did not largely base her
10 opinion on self-reports. Rather, Dr. Cook conducted a mental status examination and charted a
11 number of results. AR 420-21. Dr. Cook provided a medical source statement that was based on
12 her observations, the objective results of the mental status examination, the psychological
13 treatment notes, and Plaintiff's self-reported symptoms. AR 418-22. Thus, the ALJ's decision
14 finding Dr. Cook's assessment relied heavily on the claimant's subjective complaints is not
15 supported by substantial evidence.

16       Third, the ALJ discounted Dr. Cook's opinion "that the claimant would have difficulty
17 getting along with others, accepting instructions from a supervisor, and performing work on a
18 consistent basis [as] … inconsistent with the claimant's unremarkable presentation during Dr.
19 Cook's interview." AR 591. The Court agrees. Plaintiff was able to complete Serial 7's, had a
20 linear stream of mental activity with good abstraction, had normal content of thought, made good
21 eye contact, was polite and cooperative, and was oriented to all spheres. AR 420-21. In contrast
22 to these clinical observations and test results, Dr. Cook opined "[i]t is difficult to say whether
23 claimant is able to accept instruction from [a] supervisor, get along with others, perform work on
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 14

a consistent basis and maintain regular attendance as he seems to be in quite a state of flux and anxiety right now." AR 422. Dr. Cook also noted Plaintiff "does not seem able to handle more stress than he has at this time." AR 422. The ALJ could reasonably interpret Plaintiff's performance on mental status examination as inconsistent with Dr. Cook's opined limitations. *See Morgan*, 169 F.3d at 601-02; *Tommasetti*, 533 F.3d at 1038.

Further, an ALJ may properly discount an examining psychologist's opinion when it is brief, conclusory, and inadequately supported by clinical findings or by the record as a whole, and the ALJ reasonably did so here. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan*, 242 F.3d at 1149); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Thus, the ALJ's decision to discount Dr. Cook's opinion as inconsistent with her objective testing is a specific and legitimate reason, supported by substantial evidence. Even though the ALJ gave two reasons which were not supported by substantial evidence, the Court concludes the ALJ's finding that Dr. Cook's opinion is inconsistent with objective testing is sufficient to uphold the ALJ's findings as to Dr. Cook.

**II.      Whether the ALJ Properly Evaluated Plaintiff's DAA.**

The Plaintiff also argues the ALJ failed to properly analyze Plaintiff's DAA impairment by: (1) failing to properly separate Plaintiff's DAA from his other severe impairments; (2) failing to call a medical expert "to attempt to separate out the effects of DAA from the combined impairments"; (3) improperly considering Plaintiff's work history prior to the alleged disability onset date; and (4) relying upon the medical opinions of Drs. Santosh Agnani, Diana Cook, and Samantha Kanarek. Dkt. 12, pp. 5-9.

A social security claimant is not entitled to benefits "if alcoholism or drug addiction would … be a contributing factor material to the Commissioner's determination that the

individual is disabled." 42 U.S.C. § 423(d)(2)(C). Therefore, where relevant, an ALJ must conduct a DAA analysis and determine whether a claimant's disabling limitations remain absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935. That is, the ALJ must first identify disability under the five-step "sequential evaluation process" to determine whether a claimant is disabled and then conduct a DAA analysis to determine whether substance abuse is material to disability. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If the remaining limitations without DAA would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling without DAA, then the claimant's substance abuse is material and benefits must be denied. *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007). "The claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Id.* at 748.

To determine whether a claimant would be disabled if the substance abuse stopped, the Social Security regulations provide different guidance depending upon whether the claimed impairment is physical or mental. For physical impairments, "evidence from a period of abstinence is the best evidence for determining whether a physical impairment(s) would improve to the point of nondisability." Social Security Ruling ("SSR") 13-2P, 2013 WL 621536, *8 (Feb. 20, 2013). Further, "[t]he period of abstinence does not have to occur during the period [the ALJ is] considering in connection with the claim as long as it is medically relevant to the period we are considering." SSR 13-2P, 2013 WL 621536, at *8 n.18. However, with respect to mental impairments, the regulations do not similarly provide that a period of abstinence is best evidence for determining materiality of DAA, nor do the regulations provide that evidence prior to the alleged disability period is relevant. *See id.* Rather, to support a finding that DAA is material, the

regulations require "evidence in the record that establishes that a claimant with a co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs." SSR 13-2P, 2013 WL 621536, at *9. Regardless of whether the ALJ is considering a physical or mental impairment (or both), the ALJ must provide sufficient information so a subsequent reviewer considering the evidence in the record can understand the reasons for the ALJ's determination regarding materiality and whether the claimant would be disabled if the claimant stopped the substance abuse. *See*, *e.g.*, *id.* at *9-10.

Here, after finding Plaintiff was disabled when DAA was considered, the ALJ proceeded with the DAA analysis and evaluated Plaintiff's alleged impairments in the absence of DAA. AR 583-98. The ALJ determined Plaintiff has been actively abusing substances since May 2012, with no evidence of any extended periods of sobriety, and DAA is "a contributing factor material to the determination of disability because the claimant would not be disabled if he stopped the substance use." AR 596, 598. It is unclear from the ALJ's decision, however, whether the ALJ considered a period of abstinence during the alleged disability period to evaluate the effects of DAA, or if the ALJ relied upon other evidence in the record to evaluate Plaintiff's impairments in the absence of DAA. Although Plaintiff "bears the burden of proving that [DAA] is not a contributing factor material to his disability," *Parra*, 481 F.3d at 748, the ALJ was required to follow usual case development rules and provide enough information so that a subsequent reviewer considering the evidence in the record could understand the reasons for her determination regarding materiality of DAA. *See* SSR 13-2P, 2013 WL 621536, at *9-10. Here, the Court already has concluded the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration. The Court also cannot determine if the ALJ properly relied upon a period of sobriety or other evidence in the record to

determine if DAA was material. On remand, the parties shall fully develop the record as to DAA. In addition, based on the ALJ's errors discussed in Section I, *supra*, the ALJ shall reevaluate the medical evidence and the materiality of DAA in light of the Court's Order.

### III.   Whether the ALJ Properly Evaluated Plaintiff's Residual Functional Capacity Ability and Step Five of the Sequential Evaluation.

Plaintiff also argues the ALJ's residual functional capacity is flawed, and thus the hypothetical questions posed to the vocational expert were flawed. Dkt 12, p 17. As a result, Plaintiff contends the ALJ's findings at Step Five were erroneous. *Id.* As discussed in Section I, *supra*, had the ALJ properly weighed the medical evidence, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations. *See* AR 585, 83-92. Thus, the ALJ erred in evaluating Plaintiff's RFC and consequently her Step Five findings were erroneous. On remand, the ALJ shall re-evaluate the RFC and Step Five findings.

### CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 26th day of May, 2016.

David W. Christel
United States Magistrate Judge