UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN A ALVES,

           Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

           Defendant.

CASE NO. 2:15-CV-01624-DWC

ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

    Presently before the Court is Plaintiff Brian A. Alves' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). Dkt. 23. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

    Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the

reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht*, 535 U.S. at 807, 808. Although the fee agreement is the primary means for determining the fee, the Court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht*, 535 U.S. at 808).

Here, Plaintiff signed a contingency fee agreement agreeing to pay his attorney a fee equal to 25% of the his past-due benefits. *See* Dkt. 28-4. The representation was not substandard and the results achieved were excellent. *See* Dkt. 20, 28-3; *Grisbrecht*, 535 U.S. at 808. This Court reversed and remanded this matter to the Administration for further proceedings and, following remand and a second hearing, Plaintiff was awarded benefits. *See* Dkt. 20, 28-3. There is no evidence of an excessive delay by the attorney or that a windfall will result from the requested fee. Further, Defendant does not object to the requested fee. Dkt. 29.

Plaintiff moves for attorney's fees in the amount of $21,830.50, which is 25% of Plaintiff's total past-due benefits. *See* Dkt. 28-3. Previously, Plaintiff was awarded an attorney fee of $ 12,278.17[1] under the Equal Access to Justice Act ("EAJA"). *See* Dkt. 25, 28-2.[2] Therefore, Plaintiff is moving for a net attorney's fee award of $ 9,552.33. Based on Plaintiff's Motion and supporting documents (Dkt. 28, 28-2, 28-3, 28-4, 28-5, 28-6), and Defendant does not object to the requested fee (Dkt. 29), the Court orders attorney's fees in the amount of

---

[1] The Court notes Plaintiff received an EAJA award of $ 7,294.40 in this case, *see* Dkt. 25, and an EAJA award of $ 4,983.77 in *Alves v. Colvin*, 2:14-cv-478-MJP-JPD (Dkt. 25). Plaintiff has therefore received a total EAJA award for work related to this action of $ 11,022.32. *See Parrish v. Commissioner of Social Security*, 698 F.3d 1215, 1221 (9th Cir. 2012) (holding that the court must offset all EAJA awards against the § 406(b) award).

[2] Plaintiff states he received an EAJA award of $ 6,038.55 on September 1, 2016 in this case. *See* Dkt. 28. However, on September 2, 2016, the Court entered an Amended Order awarding Plaintiff EAJA fees in the amount of $ 7,294.40. Dkt. 25. Therefore, the Court finds Plaintiff was awarded $ 7,294.40 in this case, not $ 6,038.55.

$9,552.33, minus any applicable processing fees as allowed by statute, be awarded to Plaintiff's attorney pursuant to 42 U.S.C. § 406(b). After paying the attorney's fee, the Social Security Administration shall release all remaining funds directly to Plaintiff.

Dated this 20th day of March, 2018.

David W. Christel
United States Magistrate Judge